UNITED STATES, Appellant

v.

VIRGIL D. BEARD, Private, U. S. Marine Corps, Appellee

2 USCMA 344, 8 CMR 144

344

CDR Thomas E. Blade, USN, for Appellant.
CDR Francis X. Driscoll, USN, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused, Beard, has been convicted by special court-martial of offenses, the nature of which is immaterial, in view of the single question raised here. His conviction was reversed by a board of review, for the reason which appears by implication in the question certified to this Court by The Judge Advocate General, United States Navy, as follows:

"Was the appointing order effective to appoint Lieutenant Commander Elgene S. May, U. S. Naval Reserve, as a member of the special court-martial which tried the accused?"

### II

In this case the convening authority addressed to Lieutenant Commander Elgene S. May, by name, a letter in official form, the subject of which was specifically stated to be, "Convening special court-martial." Following the expression of the subject was a direction that such a court be convened, and an assignment of four officers, other than the addressee, to participate as members thereof, together with appropriate designations of trial and defense counsel. The letter nowhere contained the name of Commander May, save as it appeared as the addressee, following the word "To:" in the official form. The Commander, in fact, sat as president of the court-martial which tried the accused. On this showing the board of review held that "While the convening authority undoubtedly intended that Lieutenant Commander May should be a member of the court, he is not so named," and that because of this omission "the court lacked jurisdiction."

### III

The form for convening a Navy special court-martial is provided by the Manual for Courts-Martial, United States, 1951, Appendix 4, as modified by the Naval Supplement to the Manual, supra, Section 0102e. The latter provides in pertinent part that:

"Appointing orders and amending orders should be *in naval letter form* from the convening authority to the *president of the court* . . . (identified by name, rank and address). . . ." [Emphasis supplied]

We do not hesitate to rule that the board of review erred in holding that Commander May was not named to the court-martial in question, and that his participation in the trial of accused constituted jurisdictional error requiring reversal. There is no doubt that a fair reading of the Supplement's relevant language, against a background of the form contained in the Manual, supra, suggests that the addressee of the order in such a case as this should also be enumerated formally as a member of the court-martial appointed therein. It is also true that we stated in United States v. Padilla and Jacobs (No. 400), 5 CMR 31, decided August 19, 1952, that courts-martial are tribunals of special and limited jurisdiction, and must, therefore, be convened strictly in accordance with statutory requirements. At the same time, this

admonition should not be carried to the absurd length that matters of sheer form take precedence over those of substance.

It should not be—and is not—an unyielding condition precedent to the lawful convention of a court-martial that the appropriate form be followed parrot-like in minute detail. In the situation before us here the Naval Supplement to the Manual, supra, has explicitly directed that the convening authority address his letter of appointment to the officer whom he desires to act as the president of the court-martial therein established. We cannot believe, therefore, that the letter of appointment in this case can be construed in any way other than that the convening authority intended clearly and unequivocally that Commander May serve as president —and hence a member—of the court-martial under scrutiny. The terms of the letter alone suggest this. However, there is no shadow of ambiguity in it when read—as it must be—in light of the language of the Manual's Naval Supplement, which must serve as our guide here. Accordingly, the questioned officer—the addressee of the letter of appointment—was lawfully named to sit as a member, and president, of the court which tried the accused, Beard. This conclusion is in entire agreement with the following language used by us in United States v. Padilla and Jacobs, supra:

"It is familiar learning that the meaning of a writing must be arrived at by ascertaining the intent of its author, if possible. This intent will ordinarily be found through a grammatical approach to the language of the writing itself. However, where, through ambiguity or otherwise, this method fails, resort must be had to its object and the circumstances of its preparation or promulgation. Hendrie v. Lowmaster, 152 F2d 83 (CA

6th Cir). Effort must be made to effectuate its purpose and to avoid rendering it absurd. See Union Pacific R. R. v. Mason City, etc. R. R., 222 US 237, 56 L ed 180, 32 S Ct 86; Lambur v. Yates, 148 F2d 137 (CA 8th Cir); Commissioner of Internal Revenue v. Hopkinson, 126 F2d 406 (CA2d Cir). Where alternative interpretations are possible, the more reasonable should be chosen. Dairymen's League Cooperative Ass'n v. Brannan, 173 F2d 57 (CA2d Cir).

.   .   .   .   .   .

"Considering these various items together, and viewing them. in the light of the ambiguous language used in the order, we think it may fairly be said that the convening authority intended by Special Orders No. 128 to appoint Captain Parker and Captain Nick to the court-martial which in fact tried the two petitioners. In a situation such as the present one we should give weight to substance, and should not unduly emphasize matters of form. Since we have decided that the Commanding General, 1st Infantry Division, intended to appoint the two questioned officers to the court-martial appointed by Special Orders No. 124, his order should be construed to effectuate that intent. Accordingly, we hold that they were authorized to sit as members of the tribunal which tried the accused. The court, therefore, had jurisdiction and its findings and sentence were valid."

The question certified is answered. in the affirmative. The record is remanded to The Judge Advocate General, United States Navy, for reference to the board of review for further review and action not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.