UNITED STATES, Appellant

v.

ELMER A. SWAIM, JR., Private First Class,
U. S. Marine Corps, Appellee

2 USCMA 347, 8 CMR 147

No. 1779

Decided March 24, 1953

CDR Thomas E. Blade, USN, for Appellant.
CDR Francis X. Driscoll, USN, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge.

The accused, Swaim, has been convicted by special court-martial of offenses, the nature of which is immaterial, in view of the single question raised here. The findings and sentence were set aside by a board of review for the reason which appears by implication in the question certified to this Court by The Judge Advocate General, United States Navy, as follows:

"Was the appointing order effective to appoint Major George W. Bubb, U. S. Marine Corps, as a member of the special court-martial which tried the accused?"

II

In this case the convening authority addressed to Major George W. Bubb, by name, a letter in official form, the subject of which was specifically stated to be, "Appointing Special Court-Martial." Following the expression of the subject was a direction that such a court be convened, and an assignment of four officers, other than the addressee, to participate as members thereof, together with appropriate designations of trial and defense counsel. The letter nowhere contained the name of Major Bubb, save as it appeared as the addressee, following the word "To:" in the official form. The Major, in fact, sat as president of the court-martial which tried the accused. On this showing the board of review held that "While the convening authority undoubtedly in-

**347**

tended that Major Bubb should be a member of the court, he is not so named," and that because of this omission "the court lacked jurisdiction."

### III

Although minor factual differences exist between this case and United States v. Beard (No. 1778), 8 CMR 144, decided this day, they both involve the same fundamental problem, and for the present purpose they are indistinguishable on the facts deemed material and controlling by us. We, therefore, hold that affirmance of the board of review's action here is foreclosed by the Beard decision, and that for reasons set out therein we cannot say that the court-martial which convicted the accused was without jurisdiction to try him.

Accordingly, the question certified is answered in the affirmative. The record is remanded to The Judge Advocate General, United States Navy, for reference to the board of review which considered the case for further review and action not inconsistent with the views expressed herein.

Chief Judge QUINN and Judge LATIMER concur.