UNITED STATES, Appellant

v.

WILLIE T. LEE, Private First Class,
U. S. Marine Corps, Appellee

3 USCMA 109, 11 CMR 109

CDR Thomas E. Blade, USN, for Appellant.
CDR Francis X. Driscoll, USN, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

On his plea of guilty, the accused, Lee, was convicted by special court-martial of an offense, the nature of which is immaterial, in view of the single question raised here. The findings and sentence were set aside by a board of review in the office of The Judge Advocate General, United States Navy, for the reason which appears by implication in the question certified to this Court by The Judge Advocate General as follows:

"Was the appointing order effective to appoint Major Ronald A. Clark, U. S. Marine Corps Reserve, as a member of the special court-martial which tried the accused?"

### II

In this case the convening authority addressed to Major Ronald A. Clark, by name, a letter in official form, the subject of which was specifically stated to be, "Appointing special court-martial." Following the expression of the subject was a direction that such a court be convened, and an assignment of four officers, other than the addressee, to participate as members thereof. In addition, there were appropriate designations of trial and defense counsel. The letter nowhere contained the name of Major Clark, save as it appeared as the addressee, following the word "To:" in the official form. The Major, in fact, sat as president of the court-martial which tried the accused. On this showing the board of review held that be-cause of Major Clark's participation as a member, "the court lacked jurisdiction." The board stated that, "The proceedings of a court-martial are invalid if the record shows that a person not properly appointed thereto participated in those proceedings."

### III

Although minor factual differences exist between this case and United States v. Beard (No. 1778), 2 USCMA 344, 8 CMR 144, decided March 24, 1953, they both involve the same fundamental problem, and for the present purpose they are indistinguishable on the facts deemed material and controlling by us. We, therefore, hold that affirmance of the board of review's action here is foreclosed by the Beard decision, and that for the reasons set out therein we cannot say that the court-martial which convicted the accused was without jurisdiction to try him. See also United States v. Swaim (No. 1779), 2 USCMA 347, 8 CMR 147, decided March 24, 1953; United States v. Lawrence (No. 1732), 2 USCMA 348, 8 CMR 148, decided March 24, 1953.

Accordingly, the question certified is answered in the affirmative. The record is remanded to The Judge Advocate General, United States Navy, for reference to the board of review which considered the case for further review and action not inconsistent with the views expressed herein.

Chief Judge QUINN and Judge LATIMER concur.